◼ DAVID DE VITO, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.

A review of the entire record reveals that the determination is supported by substantial evidence. Moreover, petitioner's due process rights have not been violated by the destruction of the incriminating urine sample. Petitioner's own hearing testimony clearly establishes that he received notice of his suspension and the reason therefor at least several days prior to the sample's destruction. There is no doubt that during this time he had the opportunity to obtain this sample and have it independently tested in an attempt to controvert the finding of cocaine which formed the basis for his dismissal. Having not availed himself of this opportunity, he cannot now be heard to complain. Finally, the penalty of dismissal is not so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.