■ In the Matter of JOHN GRAY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority (hereinafter the Transit Authority) which terminated the petitioner's employment as a signal maintainer's helper, the appeal is from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated January 19, 1986, which granted the petition, vacated the penalty imposed, and remitted the matter to the Transit Authority to impose a new penalty.

Ordered that on the court's own motion, the Transit Authority's notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Mangano, and leave to appeal is granted by Justice Mangano; and it is further,

Ordered that the judgment is reversed, on the law, the determination is confirmed, and the petition is dismissed on the merits, without costs or disbursements.

The petitioner was appointed by the Transit Authority to the permanent civil service title of signal maintainer's helper on September 12, 1983. On October 31, 1984, the petitioner underwent a urine-screening test as part of a physical examination which was given to all those eligible for promotion. The petitioner's sample tested positive for marihuana.

The petitioner was thereafter brought up on disciplinary charges, and, after a hearing conducted pursuant to Civil

Service Law § 75, on April 25, 1985, the Hearing Officer recommended that the charge be sustained and that the penalty of dismissal be imposed upon the petitioner. The recommendation of the Hearing Officer was approved by the Transit Authority's vice-president of labor relations on May 5, 1985. The penalty of dismissal was automatically imposed upon the petitioner pursuant to the Transit Authority's Operating Procedure (hereinafter T.O.P.) No. 616, § 6.9, which was promulgated on July 12, 1984, and was continually in effect from the time that the petitioner submitted his urine sample through July 21, 1985, i.e., after his discharge became final. Specifically, T.O.P. No. 616, § 6.9 provided as follows: "When the test is positive for marijuana and the employee has *less than two (2) years of service,* he/she will be dismissed from service".

On July 22, 1985, subsequent to the petitioner's discharge, the Transit Authority modified its policy regarding the punishment to be imposed upon employees who tested positive for marihuana. Specifically, the new policy provided, *inter alia,* that only those employees with less than one year of service would face automatic dismissal if they tested positive for marihuana.

In the instant proceeding, commenced in September 1985, the petitioner alleged that the punishment imposed upon him was arbitrary and capricious in that, *inter alia,* other employees in similar situations, i.e., those with less than two years service at the time they tested positive for marihuana use, had not been automatically dismissed as mandated by T.O.P. No. 616, § 6.9, but instead, had been given less severe penalties. The Transit Authority denied this allegation in a defense interposed in its answer. In further support of this defense, the Transit Authority submitted an affidavit from its director of employee review and guidance, whose job it was to oversee the Transit Authority's disciplinary procedures. This official, who alleged that he was "thoroughly familiar with the Transit Authority's application of its policy regarding use of controlled substances by employees", categorically stated that T.O.P. No. 616, § 6.9 had been uniformly applied without exception.

In reply to the Transit Authority's answer and probative opposing affidavit, the petitioner's counsel submitted evidence to the court indicating that one Joseph Joyce, a maintainer's helper who had been appointed by the Transit Authority on January 3, 1984, and who had tested positive for marihuana on February 28, 1985, when he had less than two years of

service, was not automatically dismissed as provided for by T.O.P. No. 616, § 6.9, but instead was given a less severe penalty. The Supreme Court, Kings County, granted the petition, vacated the penalty of dismissal and remitted the matter to the Transit Authority for the imposition of a new penalty. We reverse.

An examination of the record indicates that the less severe punishment imposed upon the petitioner's fellow worker Joyce was recommended by the Hearing Referee on July 30, 1985, and approved by the Transit Authority's vice-president of labor relations on August 13, 1985, i.e., *after* the promulgation of the Transit Authority's new and more lenient policy regarding punishment for employees who had between one and two years' service at the time they tested positive for marihuana use. Accordingly, on the instant record, the petitioner failed to meet his burden of demonstrating that his discharge, which was automatically imposed in May 1985 by the Transit Authority under the then-operative T.O.P. No. 616, § 6.9, was arbitrary and capricious. We have reviewed the petitioner's remaining arguments and find them to be without merit *(see, Matter of Spruils v New York City Tr. Auth.,* 47 NY2d 945; *De Vito v New York City Tr. Auth.,* 110 AD2d 620; *Matter of De Feo v New York City Tr. Auth.,* 101 AD2d 888).* Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.