OPINION OF THE COURT
Joan B. Lefkowitz, J.
Petitioner applied to the Planning Board of the Town of Orangetown for preliminary approval of a sketch plat of 2.8 acres of land located in the Town of Orangetown. A substan *548 tial portion of the property is located in a designated flood plain.
In due time, on February 28, 1990, the Planning Board denied approval for stated reasons. Petitioner commenced a CPLR article 78 proceeding for review and asserted a second cause of action for damages under the authority of First English Lutheran Church v Los Angeles County (482 US 304 [1987]). Respondents moved to dismiss the petition. On August 13, 1990 Judge Carey denied the motion and severed the claim for damages. On October 19, 1990 Judge Carey annulled the Planning Board’s determination and directed approval of the preliminary plat. Respondents have again moved to dismiss the remaining portion of the petition for damages. Petitioner does not oppose the application but also has not withdrawn the severed portion of the petition for damages.
Both before and after First English Lutheran Church v Los Angeles County (482 US 304, supra), the rule in New York has been that officials and municipalities are insulated from damage claims for zoning and land use decisions as well as other types of reasoned judgments that are discretionary or quasi-judicial in nature. (Tango v Tulevech, 61 NY2d 34, 39-42 [1983]; Ilson v Incorporated Vil. of Ocean Beach, 79 AD2d 697, 699 [2d Dept 1980]; Rottkamp v Young, 21 AD2d 373 [2d Dept 1964], affd 15 NY2d 831 [1965]; Goldberg v Penny, 163 AD2d 352 [2d Dept 1990].) In the last cited case the court stated: "It is well settled that zoning decisions are discretionary acts for which an official and a municipality cannot be held liable” (supra, at 354).
First English (supra) did not change the above principle. All that was decided by the United States Supreme Court in First English was that a moratorium or temporary denial of all use supported a claim for damages for a temporary taking. In fact, it was ultimately held that no such taking occurred. (First English Evangelical Lutheran Church v County of Los Angeles, 210 Cal App 1353, 258 Cal Rptr 893 [1989], cert denied 493 US 1056 [1990].)
The Supreme Court has held that the mere assertion of jurisdiction by a governing body does not constitute a regulatory taking. (Hodel v Virginia Surface Min. & Reclamation Assn., 452 US 264, 293-294 [1981].) Application of land use laws or regulations to property is not a taking where a permit or variance process exists. (Matter of Wedinger v Goldberger, 71 NY2d 428 [1988]; Church of St. Paul & St. Andrew v *549 Barwick, 67 NY2d 510 [1986]; see, United States v Riverside Bayview Homes, 474 US 121 [1985].)
In Agins v Tiburon (447 US 255, 263, n 9) the Supreme Court noted that "Mere fluctuations in value during the process of government decisionmaking, absent extraordinary delay, are 'incidents of ownership. They cannot be considered as a "taking” in the constitutional sense.’ ”
The Court of Appeals for the Third Circuit has addressed the issue presented here and held that as long as the land use decision-making process passes constitutional muster in the procedural sense and a full judicial mechanism exists to challenge the administrative determination, no cause of action exists for deprivation of use of the property for the period of time the property could not be used as requested by reason of administrative denial of relief. (Bello v Walker, 840 F2d 1124, 1127-1128 [3d Cir 1988], cert denied 488 US 851, 868 [1988].) The court also observed that any delay in securing judicial relief could not be charged against the municipal officials. Furthermore, the court held that there was no taking in the substantive constitutional sense, as claimed in the First English case (supra), since normal delays in obtaining permits and going through a land use review process are not compensable. (840 F2d, supra, at 1130.)
The above-stated rationale applies at bar. The Planning Board acted expeditiously in making its determination upon a reasoned view of the matter presented and the petitioner has the full panoply of legal remedies available to it (and used by it) under CPLR article 78 as well as its claim for damages. Accordingly, the court holds that the petitioner has not established its case of an unconstitutional taking (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492 [1983]).
Additionally, at bar it appears that other permits must be secured by the petitioner and that the intensity and magnitude of the development proposed is not fully known. It is therefore questionable whether the claim for damages is ripe for adjudication (Williamson Planning Commn. v Hamilton Bank, 473 US 172 [1985]; Hodel v Virginia Surface Min. & Reclamation Assn., 452 US 264, supra), or is to be considered premature for failure to exhaust administrative remedies (Matter of Parkview Assocs. v City of New York, 71 NY2d 274 [1988]; Church of St. Paul & St. Andrew v Barwick, 67 NY2d *550 510, supra). However, the court does not reach resolution of that issue preferring to adjudicate the question presented on the merits.
Consequently, the motion to dismiss the claim for damages is granted.