■ DALE MITCHELL, Respondent, v VIRGINIA KEMP et al., Appellants.—In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the appellant Town Board of the Town of Pine Plains, dated January 3, 1991, denying the petitioner's application for a variance, and for a judgment declaring the Land Use Moratorium Law of the Town of Pine Plains (Local Laws, 1990, No. 4 of the Town of Pine Plains), unconstitutional, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated May 20, 1991, which declared Local Laws, 1990, No. 4 of the Town of Pine Plains unconstitutional and directed the Building Inspector of the Town of Pine Plains to issue the petitioner a building permit.

Ordered that the judgment is affirmed, with costs.

The appellants contend that the issue of the constitutionality of Local Laws, 1990, No. 4 of the Town of Pine Plains is academic, since that law has expired and has been replaced by a new moratorium law under which the petitioner's request for a variance must be determined. We disagree. Since the Town has replaced one moratorium law with another and has been doing so for nearly five years, this controversy "is of a character which is likely to recur not only with respect to the parties before the court but with respect to others as well" *(East Meadow Community Concerts Assn. v Board of Educ.,* 18 NY2d 129, 135). The controversy here, and the petitioner's delay in receiving a building permit, have been caused by the

Town's unreasonable delay in enacting a zoning ordinance. The petitioner would not be forced to apply for another variance under yet a new moratorium law if it were not for the Town's delay. Thus, "special facts" exist which permit us to decide the petitioner's eligibility for a building permit under the law as it existed at the time of the decision of the Supreme Court, Dutchess County, in this case (see, Matter of Pokoik v Silsdorf, 40 NY2d 769).

The question of the constitutionality of Local Laws, 1990, No. 4 of the Town of Pine Plains was properly before the Supreme Court (see, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184). Turning to the substance of the constitutional question, "interim or stop-gap legislation is permissible in order to maintain the status quo pending the preparation and enactment of a comprehensive zoning ordinance [yet] the life of such legislation may not exceed a reasonable period of time" (Matter of Lakeview Apts. v Town of Stanford, 108 AD2d 914; see also, Matter of Russo v New York State Dept. of Envtl. Conservation, 55 AD2d 935). The Town here has failed to offer any satisfactory reasons for the nearly five-year delay in enacting a zoning ordinance. Thus, the Supreme Court properly found the moratorium law to be unconstitutional.

The Town next argues that the Supreme Court erred in ordering the Building Inspector to issue a building permit to the petitioner, claiming that because the petitioner had not shown his right to the permit (see, Matter of Pokoik v Silsdorf, supra). The Town argues that, if the moratorium law is unconstitutional and void, then the petitioner must obtain a site plan under Local Laws, 1989, No. 2, of the Town of Pine Plains. However, the record shows that the petitioner's application for a variance from the moratorium, including supporting documentation, to wit, a site plan for the facility, a landscaping plan, elevations of the proposed structure, trip generation studies, approval of the Pine Plains Water Company for a water hookup, final approval from the Board of Health, approval of the Department of Transportation for the driveway access to the property and a long form environmental assessment form, was forwarded to the Planning Board for review. Indeed, the memorandum from the Planning Board to the Town Board dated November 15, 1990, indicates that the "site plan as presented was discussed at length" and that the Planning Board unanimously voted to recommend approval of the variance. Thus, it is clear from the record that the petitioner received site plan review and approval by the

Planning Board under the moratorium. The Town in paragraph 13 of its own affirmation, admits that the reason that site plans were not required initially under both Local Laws, 1990, No. 4, and Local Laws, 1989, No. 2, of the Town of Pine Plains, was "to avoid a redundancy of review". We see no reason to insist on such redundancy now. Therefore, the Supreme Court properly directed the issuance of the building permit.

Further, the reasons stated by the Town for denying the petitioner's variance were either irrelevant to the issue of the variance or unsupported in the record. Thus, the denial of the variance was arbitrary and capricious. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.