32 F.3d 654
 Thomas BURKA; Eugene Avent; Frank Doe; Tracey Devlin;
Fitzgerald Cumberbatch; and Felix Arce, Plaintiffs,
James Salazar, Plaintiff-Intervenor,
v.
NEW YORK CITY TRANSIT AUTHORITY; David L. Gunn,
individually and in his official capacity as President of
the New York City Transit Authority, and his successors in
office; Robert F. Kiley, individually and in his official
capacity as Chairman of the New York City Transit Authority,
and his successors in office; Brian Frohlinger,
individually and in his official capacity as Assistant Vice
President, Labor Relations for the New York City Transit
Authority, and his successors in office; and Monica
Benjamin, individually and in her official capacity as the
Medical Director of the New York City Transit Authority, and
her successors in office, Defendants.
John GRAY, Petitioner-Appellant,
v.
NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellee.
 No. 1419, Docket 93-9075.
 United States Court of Appeals,
Second Circuit.
 Argued March 25, 1994.
Decided July 7, 1994.
 
 James B. Fishman, New York City, for petitioner-appellee.
 Richard Schoolman, Office of Albert C. Cosenza, General Counsel, New York City Transit Authority, Brooklyn, NY, for respondent-appellee.
 Before: LUMBARD, OAKES, and ALTIMARI, Circuit Judges.
 ALTIMARI, Circuit Judge:
 
 
 1
 Petitioner-appellant John Gray appeals from a judgment of the United States District Court for the Southern District of New York (Patterson, J.), upholding a determination by respondent-appellee New York City Transit Authority ("respondent" or the "Transit Authority") that Gray was not an eligible class member under the terms of an Order on Consent ("Consent Order" or "settlement"). Under the Consent Order, which settled a class action challenging respondent's drug testing policy, a claimant can collect only if he has not brought a prior claim that by virtue of res judicata would preclude him from again challenging the drug testing or any adverse employment action taken on the basis thereof. After reviewing an earlier challenge by Gray to respondent's drug testing policy brought in state court, the district court determined that Gray would have been barred by res judicata from individually pursuing the claims for relief sought in the class action. Accordingly, under the terms of the Consent Order, the district court found Gray ineligible to collect on his claim for relief.
 
 
 2
 Gray now essentially argues that the district court erred in determining what relief was sought in the class action, and consequently incorrectly determined that his subsequent action would be barred by res judicata. This argument is based on Gray's belief that, for purposes of res judicata analysis, the relief sought in the subsequent proceeding should be gleaned from the terms of the Consent Order rather than from the complaint in the action underlying the Consent Order. Because we disagree, we affirm the district court's decision.
 
 BACKGROUND
 
 3
 Beginning in 1983, Gray was employed by the Transit Authority as a Signal Maintainer's Helper. On October 31, 1984, in connection with an application for a promotion, Gray was required to undergo a urinalysis. After testing positive for marijuana use, Gray was eventually dismissed from his position pursuant to Transit Authority policy.
 
 
 4
 Other employees of respondent, having similarly been required to undergo drug testing, brought a class action challenging the constitutionality of the Transit Authority's marijuana testing policy ("Burka " action). On September 4, 1985, subsequent to the filing of the complaint in Burka, Gray brought an action pursuant to Article 78 of the New York Civil Practice Law & Rules challenging his dismissal. Gray claimed that his discharge, which was automatically imposed pursuant to Transit Authority rules, was arbitrary and capricious because other employees in similar positions who had tested positive for marijuana use had not been discharged. Gray was initially successful in the Supreme Court, Kings County, which overturned respondent's determination firing him. This decision, however, was later overturned by the Appellate Division, Second Department. See Gray v. New York City Transit Auth., 128 A.D.2d 528, 512 N.Y.S.2d 461, 462 (1987).
 
 
 5
 Subsequently, on September 27, 1991, the parties in the Burka action executed the Consent Order settling the class action claims. The Consent Order was approved by the district court on December 19, 1991. It provides for various forms of relief to seven subclasses of employees who were terminated, suspended, or denied promotions because of positive urinalysis results. The relief includes reinstatement, expungement of references to positive marijuana test results from employees' records, and monetary payments. The Consent Order specifically excludes from the definition of eligible class members any individual who was a party to any other proceeding against the Transit Authority that resulted in a judicial determination that would by reason of res judicata preclude the individual from challenging the validity of the urinalysis or any adverse employment action taken on the basis of the test.
 
 
 6
 The Consent Order also provides for an appeal of an eligibility determination by the Transit Authority to a United States Magistrate Judge. The Magistrate Judge's Report and Recommendation is reviewable, upon motion, by the assigned District Judge. An individual who successfully challenges the respondent's denial of relief is entitled to recover reasonable attorneys' fees incurred in such challenge.
 
 
 7
 Thereafter, Gray made a claim for relief under the Consent Order which was rejected by the respondent. The respondent contended that Gray's claim was barred by res judicata because he was party to another lawsuit against the Transit Authority relating to his drug testing claim.
 
 
 8
 Gray challenged the respondent's decision contending that res judicata did not bar his claim under the Consent Order because that claim involved relief that the state court in his prior Article 78 proceeding was powerless to award. Magistrate Judge James C. Francis rejected Gray's argument, finding that the relief sought in the class action underlying the Consent Order could have been sought in Gray's Article 78 proceeding, and that Gray therefore would have been barred by res judicata from pursuing the relief sought in the Burka action. The Magistrate Judge's report was affirmed by the district court for essentially the same reasons. For the reasons discussed below, we agree.
 
 DISCUSSION
 
 9
 On appeal, Gray challenges the district court's determination that he was not an eligible class member under the terms of the Consent Order. We review the court's interpretation of the settlement agreement de novo. See Huertas v. East River Hous. Corp., 992 F.2d 1263, 1266 (2d Cir.1993). As noted above, according to the terms of the Consent Order, whether Gray is an eligible class member turns on whether principles of res judicata would require a finding that Gray's initial Article 78 proceeding challenging his dismissal from respondent's employ for testing positive for marijuana would preclude Gray from bringing a subsequent action challenging the drug test or his dismissal.
 
 
 10
 In applying the doctrine of res judicata, we must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Accordingly, we must determine what preclusive effect a New York state court would give Gray's Article 78 proceeding. New York adheres to a transactional analysis of res judicata, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994) (citing Smith v. Russell Sage College, 54 N.Y.2d 185, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981)). "This bar will not apply, however, where 'the initial forum did not have the power to award the full measure of relief sought in the later litigation.' " Id. (quoting Davidson v. Capuano 792 F.2d 275, 278 (2d Cir.1986)).
 
 
 11
 Because the claims raised in the Burka action, the subsequent proceeding for the purposes of our res judicata analysis, clearly arise out of the same "factual grouping" as Gray's earlier litigated claim, we focus only on whether the state court in the first proceeding had the power to award the full measure of relief sought in the Burka action. This question actually involves two separate inquiries: what relief was indeed sought in the Burka action, and whether that relief could have been obtained in Gray's Article 78 proceeding.
 
 
 12
 Notably, because res judicata is usually raised to bar a pending lawsuit, and the relief sought in the pending lawsuit is clearly set out in the complaint, the first inquiry is generally not a point of contention. In this case, however, res judicata is raised not to bar a pending lawsuit, but rather to bar claims based on a lawsuit that has already been settled. We must therefore initially determine what relief was sought in that settled lawsuit.
 
 
 13
 The district court found that the relief sought in the federal litigation was the same as, or incidental to, the relief sought in the preceding litigation. Gray, however, contests this finding, claiming that the class members in the Burka action were seeking compensatory damages for constitutional violations, relief that Gray could not seek in his Article 78 proceeding. Importantly, if this is true, Gray's claim for monetary damages would not be barred by res judicata because he was not able to obtain such relief in his earlier Article 78 proceeding. See Capuano, 792 F.2d at 282 (claim for damages for civil rights violations not barred by prior Article 78 proceeding); Fay v. South Colonie Cent. Sch. Dist., 802 F.2d 21, 29-30 (2d Cir.1986) (same).
 
 
 14
 To support his contention that the relief sought in the Burka action was compensatory damages for constitutional violations, Gray relies on the terms of the Consent Order. Specifically, he cites Article III, section 14 which provides that "this Order is intended to resolve ... all claims that were or could have been raised by the Plaintiff class." We do not see how this section, which we interpret as a standard waiver or release provision, indicates what relief was actually sought in the proceeding giving rise to the settlement agreement. The section only guarantees that a later proceeding raising claims and seeking damages that were not necessarily considered in negotiating the terms of the settlement agreement will be barred.
 
 
 15
 Gray also claims that because the monetary payments awardable under the Consent Order are not characterized as "back pay," and because the Consent Order does not provide for the withholding of taxes on the payments, as would be required for a back pay award, the monetary payments must reflect damages for constitutional violations. Even assuming Gray's argument has merit, the relief granted by the settlement agreement is not necessarily the relief sought in the action underlying the settlement agreement. Because the resolution of whether Gray's Burka claim would be barred by res judicata turns on whether the relief sought in that action was relief obtainable in Gray's Article 78 proceeding, see Burgos v. Hopkins, 14 F.3d at 792 ("the [res judicata] inquiry centers ... on whether the court had the power to grant him the relief sought in the present action") (emphasis added), we decline to rely on Gray's characterizations of the relief ultimately granted in the Consent Order for our res judicata analysis.
 
 
 16
 Instead, as suggested by respondents, in determining the relief sought in the Burka action, we rely on the prayer for relief in the action's complaint, the clearest and most reliable indicator of the relief sought by the parties when they initiated the action. There, it is unambiguously stated that the class members sought reinstatement, back pay, benefits, and expungement of the marijuana positive test results from employees' records. There is no mention of a request for constitutional damages in the complaint, and we decline to read such request into the prayer for relief's standard clause requesting "such other and further relief as may be proper."
 
 
 17
 Having determined what relief was sought in the Burka action, we next consider whether that relief could have been obtained in Gray's Article 78 proceeding. This inquiry will not detain us long because the relief sought in the Burka action was identical or incidental to the relief sought in Gray's Article 78 proceeding. See, e.g., Pauk v. Board of Trustees, 68 N.Y.2d 702, 506 N.Y.S.2d 308, 497 N.E.2d 675 (1986) (finding claim for lost salary incidental to claim for loss of employment and therefore recoverable in Article 78 proceeding). Accordingly, because the initial forum had the power to award the relief sought in the Burka action, Gray's claim under the Burka action would have been barred by res judicata, and he is ineligible to assert a claim for relief under the terms of the Consent Order.
 
 CONCLUSION
 
 18
 Based on the foregoing, the judgment of the district court is affirmed.