■ In the Matter of OBLIN HOMES, INC., Appellant, v PLANNING BOARD OF THE VILLAGE OF DOBBS FERRY, Respondent, and BRIARY WOODS NEIGHBORHOOD ASSOCIATION, Intervenor-Respondent. [635 NYS2d 279] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondent to consider, accept, and approve the petitioner's application for a road extension and road specifications, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered August 9, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision denying that branch of the petition which was to compel the respondent to consider the petitioner's application, and by substituting therefor a provision granting that branch of the petition and directing the respondent to consider the application; as so modified, the judgment is affirmed, with costs to the petitioner payable by the respondent and the intervenor-respondent.

The petitioner sought approval of a road extension and road specifications to develop a "paper" road to serve seven building lots that it intended to develop. These seven lots are part of a 184-lot subdivision plat filed in 1926. The respondent refused to consider the application without the filing of a new subdivision plan and, on that basis, the petitioner commenced this proceeding.

Contrary to the conclusion of the Supreme Court, the petitioner is correct in contending that the respondent has no authority to require the filing of a new subdivision plan as a condition precedent to its consideration of his application. The subject application was submitted after July 1, 1993, the effective date of a relevant amendment to Village Law § 7-728. Pursuant to the unambiguous terms of the amended statute, the plat herein is exempt from review by the respondent because the entire subdivision is less than 20% undeveloped and the 1926 plat was filed prior to the grant of power to the respondent to approve such plats (*see*, Village Law § 7-728 [2]). Accordingly, the respondent could not refuse to consider the petitioner's application or require that a new plan be submitted. Nothing herein deprives the respondent of the right to review the application for the extension of the roadway and its specifications.

We have examined the remaining contentions of the respondent and the intervenor-respondent and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.