**OBLIN HOMES, INC., Plaintiff,**

v.

**The VILLAGE OF DOBBS FERRY, Edward Plotkin, Philip Jones, A. Gross, Enor Lucy, John Cryon, Steven Hunter, Kevin Plunkett, James Dunn, and the Planning Board of the Village of Dobbs Ferry, Defendants.**

**No. 95 Civ. 6622 (JSR).**

United States District Court,
S.D. New York.

Sept. 3, 1996.

See also, 635 N.Y.S.2d 279.

Solomon Abrahams, P.C. by Solomon Abrahams, White Plains, NY, for plaintiff.

Thomas J. Newman, Kornfeld, Rew, Newman & Ellsworth, Suffern, NY, for all Defendants.

## MEMORANDUM OPINION · AND ORDER

RAKOFF, District Judge.

In December 1992, plaintiff, Oblin Homes, a real estate developer, sought from the Planning Board of the Village of Dobbs Ferry approval to extend a public road to reach seven building lots that Oblin intended to develop, along with a permit to develop those lots. The Planning Board refused to consider the application without the filing of a new plat for the subdivision on which the lots were located—the previous plat having been filed in 1926. This refusal was initially upheld by the New York State Supreme Court, Westchester County. *Oblin Homes, Inc. v. Planning Board of the Village of Dobbs Ferry,* Index No. 7962–94, August 8, 1994. Oblin promptly appealed to the Appellate Division, Second Department.

While the appeal was pending, the Village of Dobbs Ferry, through its Board of Trustees, adopted an "Interim Development Law" that effectively imposed a moratorium on any construction at the subdivision. This moratorium, which took effect on October 4, 1994, remained in force until November 21, 1995. Although such a moratorium would be subject to review in an Article 78 proceeding, *see, e.g., Mitchell v. Kemp,* 176 A.D.2d 859, 860, 575 N.Y.S.2d 337 (2d Dept.1991), Oblin made no effort to challenge the moratorium in the courts of New York. Rather, in July, 1995, Oblin commenced the instant federal lawsuit, claiming that the combined effect of the actions of the Planning Board and the Board of Trustees constituted an unlawful taking of its property and deprived it of due process. Oblin sought damages in the amount of $18,000,000.00.

On December 10, 1995, the Appellate Division rendered its decision on Oblin's appeal from the State Supreme Court's approval of the initial determination of the Planning

Board. The Court modified the lower court's judgment by eliminating the Planning Board's requirement that Oblin submit a new subdivision plat and directed the Planning Board to consider Oblin's application without such a plat if Oblin now chose to renew its application. *Oblin Homes, Inc., v. Planning Board of the Village of Dobbs Ferry,* —— A.D.2d ——, 635 N.Y.S.2d 279 (2d Dept. 1995). But even though the only other barrier to renewal, the moratorium, had by this time expired, Oblin, for unexplained reasons, chose not to renew its application, and instead simply continued to pursue the instant action.

Following initial discovery, both sides moved for summary judgment, briefs and other papers were submitted, and the Court heard oral argument. Having now carefully considered the parties' submissions and the entire record, the Court hereby grants defendants' motion for summary judgment, and denies as moot plaintiff's cross-motion, for the following reasons.

Although the Complaint is not a model of clarity, the oral argument and legal memoranda of the parties (including supplemental memoranda submitted at the Court's request following oral argument) have served to narrow and focus the issues in this case. Oblin has now expressly abandoned any supposed "unlawful taking" claim, *see* Plaintiff's Supplemental Memorandum of Law, at 4, n. 2, effectively conceding, as it must, that such a claim is foreclosed by *Orange Lake Associates, Inc., v. Kirkpatrick,* 21 F.3d 1214, 1224–25 (2d Cir.1994). As to its remaining claim of denial of procedural due process, moreover, Oblin no longer argues that the Planning Board's initial refusal to deny consideration of plaintiff's application until submission of a new subdivision plat was in itself a denial of due process—a claim that would be frivolous in any case. *See, Burka v. New York City Transit Authority,* 32 F.3d 654, 657 (2d Cir.1994). *See also, Dean Tarry Corp. v. Friedlander,* 826 F.2d 210 (2d Cir. 1987). Instead, Oblin's entire argument now reduces to the claim that the subsequent imposition of the moratorium denied Oblin the use of its property without due process of law.[1]

There are three flaws in this claim, each of which is independently sufficient to dispose of it.

■ *First,* Oblin has made no showing that it was injured in any respect during the moratorium period. This is because the New York State Supreme Court, Westchester County, well before the moratorium came into effect, had upheld the Planning Board's determination not to consider Oblin's application unless Oblin filed a new subdivision plat; and this determination remained in effect throughout and beyond the moratorium period. While Oblin now argues that, in view of the moratorium, the submission of an application accompanied by a new subdivision plat would have been futile, it took no steps to amend its pending appeal of the denial of its application to reflect this point, nor did it file a new plat under protest nor take any other step suggesting that it was prepared to comply with the requirement that it file a new plat as a precondition to its construction application. Rather, the record is clear and undisputed that Oblin's position throughout this period was that it was simply not required to file a new plat, and that the Supreme Court's determination to the contrary was erroneous. However, even though Oblin was ultimately successful in removing the plat precondition, the Appellate Division's determination to that effect was not rendered until after the moratorium on construction was lifted. Accordingly, Oblin can not show that the moratorium itself caused it injury.

■ *Second,* Oblin at no time sought review in the New York State courts of the Village's imposition of the moratorium, even though expedited review was available in an Article 78 proceeding and Oblin could have also brought an action for any damages that allegedly accrued as a result of the moratorium. *See, e.g., Timber Ridge Homes at Brookhaven, Inc., v. State of New York,* —— A.D.2d ——, 637 N.Y.S.2d 179, 180 (2d Dept.

1. To the extent (if any) that the Complaint can be construed to raise any other claims besides unlawful taking and denial of procedural due process, such claims have likewise been abandoned by Oblin.

1996); *Lujan Home Builders, Inc., v. Town of Orangetown,* 150 Misc.2d 547, 548, 568 N.Y.S.2d 850 (Sup.Ct.1991). Such failure to exhaust available state remedies is a bar to a procedural due process claim of this sort. *Orange Lake Associates, Inc.,* at 1224; *Giglio v. Dunn,* 732 F.2d 1133, 1135, n. 1 (2d Cir.1984).[2]

 *Third,* Oblin has utterly failed to show in what way the imposition of the moratorium was procedurally deficient in any respect, let alone in a manner denying due process. Indeed, Oblin admits that the enactment of the moratorium complied with all local rules and regulations, that the Board of Trustees duly gave public notice that it would seek enactment of the moratorium, and that public hearings on the proposed imposition of a moratorium were duly held. *See* Plaintiff's Memorandum of Law In Opposition to the Defendants' Cross–Motion to Dismiss the Complaint, at 6. While at oral argument, plaintiff's counsel argued that all this was still insufficient because Oblin was not given *personal* notice of the proposed enactment of the moratorium, the applicable local laws and regulations do not require such notice, and Oblin points to no legal precedent requiring such notice as part of due process. Moreover, it is undisputed that a principal of Oblin was present at the meeting of the Board of Trustees where the Board first instructed the Village attorney to prepare a draft of the moratorium, the first step towards its enactment and one that more than notified plaintiff of the need to be alert to public notices of further proceedings regarding the proposed moratorium. *See* Affidavit of William J. Plunkett at ¶ 5. Accordingly, it is clear that Oblin was afforded full due process in connection with the moratorium.

For the foregoing reasons, the motion of defendants for summary judgment dismissing the Complaint in its entirety is granted, and the cross-motion of plaintiff is denied.

Clerk to enter judgment.

SO ORDERED.

---

**2.** Although Oblin contended at oral argument that its failure to exhaust state remedies should be excused under the doctrine of "futility," it provided no basis for invoking this limited doctrine, *see, e.g., Kinzli v. City of Santa Cruz,* 818 F.2d 1449, 1454 (9th Cir.1987); *Rivervale Realty Co., Inc., v. Town of Orangetown,* 816 F.Supp. 937, 943 (S.D.N.Y.1993); *Celentano v. City of West Haven,* 815 F.Supp. 561, 568 (D.Conn. 1993), and Oblin's success in the Appellate Division in obtaining modification of the Planning Board's other determinations bears witness to the existence of adequate state relief.