**Imran HAMEED, Plaintiff–Appellant,**

v.

**Lorri ALDANA, Edward Aldana, 41–50 78th Street Corp., John Doe # 1 Through # 200, Defendants–Appellees.**

No. 07–0169–cv.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Imran Hameed, pro se.

Barry G. Margolis, Abrams Garfinkel Margolis Bergson, LLP, New York, NY, for Defendants–Appellees.

PRESENT: JON O. NEWMAN, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Imran Hameed appeals *pro se* from a January 4, 2007, 2007 WL 28424, judgment of the District Court, granting defendants' motion to dismiss Hameed's claims on *res judicata* grounds. Hameed filed the underlying complaint, *pro se,* in 2006 against Lorri Aldana, Edward Aldana, 41–50 78th Street Corporation, Plum Holding Corporation, and 200 John Does, alleging claims for (1) breach of contract, (2) breach of fiduciary duty, (3) negligence, and (4) fraud. We assume the parties' familiarity with the facts and procedural history, though we revisit key portions of that history here.

Hameed's complaint stemmed from a termination of his interest in certain shares of a cooperative apartment building at 41–50 78th Street, Elmhurst, New York (the "Coop"). Hameed alleges that he and several partners bought the shares in October 1984. The property went into receivership in 1992 and in 1998, the 41–50 78th Street Corporation terminated the interests of all other entities with title to the shares of the property. Hameed sued the defendant cooperative corporation, among others, three times in the Supreme Court

---

of the State of New York, Queens, claiming that the corporation had not rightfully foreclosed upon the shares. *See Imran Hameed c/o Hameed & Safder Co–Owners, Inc. v. 41–50 78th Street Corp., et al.,* No. 19357/03 (N.Y. Sup.Ct. Queens County filed Aug. 8, 2003); *Hameed & Safder Co–Owners, Inc. c/o Imran Hameed, Hameed & Safder Co–Owners v. 41–50 78th Street Corp. et al.,* No. 29736/03 (N.Y. Sup.Ct. Queens County filed Dec. 23, 2003); *Imran Hameed c/o Hameed and Safder Co–Owners v. Lorri Aldana, et al.,* No. 20120/05 (N.Y. Sup.Ct. Queens County filed Sept. 14, 2005). After Hameed filed his current complaint in federal court, defendants moved to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), arguing, *inter alia,* that Hameed's claims were barred on the grounds of *res judicata.* In January 2007, the District Court granted the motion to dismiss on those grounds.

The doctrine of *res judicata* "bars later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys. v. United States,* 480 F.3d 621, 624 (2d Cir. 2007) (internal citations and quotation marks omitted). We review de novo a district court's application of *res judicata. See Legnani v. Alitalia Linee Aeree Italiane, S.p.A.,* 400 F.3d 139, 141 (2d Cir. 2005) (per curiam).

In applying the doctrine of *res judicata,* we bear in mind that "a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Authority,* 32 F.3d 654, 657 (2d Cir.1994). Therefore, we must deter-mine what preclusive effect a New York state court would give Hameed's previous actions. In the instant case, this exercise need not be one of conjecture; as the District Court noted, Hameed's complaint in federal court is identical to his third complaint in the New York State Supreme Court [1]—the very complaint that Justice Polizzi determined was barred on *res judicata* grounds, in light of Hameed's "[t]wo prior actions arising from the same facts and circumstances and seeking the same relief[, which] were dismissed." Appellees' App. at 62. This decision of the New York State Supreme Court itself creates a preclusive effect. *See West v. Ruff,* 961 F.2d 1064, 1065 (2d Cir.1992) ("State court judgments are to be given the same preclusive effect in federal court as they would be given in the courts of the state itself. Thus, if [appellant] would be barred from relitigating the same issues or claims in a New York state court, he will also be barred in the instant matter." (internal citations and quotation marks omitted)).

Even in the absence of the final New York State Supreme Court decision, however, it is clear that Hameed's claims are barred by *res judicata.* We note that New York employs a "transactional approach" to *res judicata* issues, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981). The claims Hameed now seeks to pursue in federal court clearly arose from the same transaction as those previously raised in the state court actions, which were brought to final con-

---

1. We acknowledge that the caption of the complaint Mr. Hameed filed in New York State Supreme Court is different from the caption of the complaint that he filed in federal court.

clusion. Accordingly, we find that the District Court correctly dismissed Hameed's complaint on *res judicata* grounds.

## CONCLUSION

We reject all of plaintiff-appellant's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.