12-0362-cv (L)
WD Music v. Muller

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
                   *Circuit Judges.*
         RICHARD W. GOLDBERG,
                   *Judge.*\*

_____

WD MUSIC PRODUCTS, INC.

                   *Plaintiff-Appellant-Cross-Appellee,*

        -v.-                          Nos. 12-0362-cv (Lead)
                                           12-519-cv (XAP)

ANTHONY MULLER and DDDDC, INC.,

                   *Defendants-Appellees-Cross-Appellants.*

_____


FOR APPELLANT:    Randall S.D. Jacobs, PLLC, New York, NY.

FOR APPELLEES:    Michael A. Freeman, Greenberg Freeman
                  LLP, New York, NY.

_____

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Amon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order be **AFFIRMED.**

WD Music Products, Inc. appeals from a December 29, 2011 judgment entered by the United States District Court for the Eastern District of New York (Amon, *C.J.*) following the court's grant of defendants' motion to dismiss the complaint under the doctrine of *res judicata. WD Music Prods., Inc. v. Muller*, No. 11 CV 1588, 2011 WL 6838272 (E.D.N.Y. Dec. 29, 2011). Defendants Anthony Muller and DDDDC, Inc. cross-appeal from the court's accompanying denial of their motion for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. We assume the parties' familiarity with the facts and procedural history of the case.

We affirm the dismissal of WD Music's complaint for substantially the same reasons stated by the district court. In sum, WD Music's second state-court action was brought to a final conclusion by the New York State Supreme Court's dismissal on *res judicata* grounds. "This decision of the New York State Supreme Court itself creates a preclusive

2

effect." *See Hameed v. Aldana*, 296 Fed. Appx. 154, 155 (2d Cir. 2008). New York law provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *See id.* (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981) (internal quotations omitted)). If WD Music believed that either of the state court's decisions was incorrect, its remedy was to appeal.

The district court did not abuse its discretion in denying defendants' motion for sanctions. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11, . . . the decision whether or not to impose sanctions is a matter for the court's discretion."); *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) ("Sanctions [under 28 U.S.C. § 1927] may be imposed . . . only when there is a finding of conduct constituting or akin to bad faith.") (internal quotations omitted).

3

We have considered the parties' remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4