OPINION OF THE COURT
Chief Judge Cooke.
 A property owner who unsuccessfully asserts against a governmental entity a claim for de facto appropriation may not later bring another action for trespass in an attempt to recover damages for the same acts as those on which the first lawsuit was grounded. The order of the Appellate Division should be affirmed.
Plaintiffs owned property in an area of Syracuse subject to urban rehabilitation. In 1973, plaintiffs commenced an article 78 proceeding against the same parties as are defendants in the present litigation. In this earlier suit, plaintiffs alleged that defendants had committed a number of acts that so seriously interfered with plaintiffs’ property rights as to amount to a de facto appropriation by the city. In a non jury trial, the 1973 suit was dismissed for failure to establish a de facto taking. The Appellate Division, Fourth Department, affirmed (Matter of O’Brien v City of Syra *356 cuse, 54 AD2d 186, mot for lv to app den 40 NY2d 809, app dsmd 41 NY2d 1008, cert den 434 US 807).
In March, 1978, plaintiffs filed a new complaint, essentially restating the allegations of their previous petition, but with the added averment that the city had taken the property by tax deed on June 1, 1977. Defendants moved to dismiss the complaint on the ground of res judicata, which motion was granted with leave to amend. Plaintiffs then filed an amended complaint reiterating the original complaint’s allegations and adding general statements that defendants “wrongfully, unlawfully and willfully” trespassed upon the property at various times during the period 1967 to 1978, and that the property was damaged during these numerous intrusions. Defendants again moved to dismiss on the grounds of res judicata, Statute of Limitations, and failure to serve timely a notice of claim.
Supreme Court denied the motion on all three points. As to the issue of res judicata, the Trial Judge concluded that no bar existed because there were involved materially different elements of proof for the two theories of recovery, citing Smith v Kirkpatrick (305 NY 66). Specifically, the Judge indicated that an action for de facto appropriation required proof that the city owned the property, while an action for trespass required the plaintiffs to prove title in themselves. As to the two other grounds, the Judge calculated the time from June 1, 1977, when the tax deed was executed, and ruled that the action was not time-barred.
The Appellate Division, Fourth Department, reversed on the reasoning that the entire action was barred by the doctrine of res judicata. That court granted the motion and dismissed the complaint. The order should be affirmed, but on a different basis than that employed by the Appellate Division in viewing the general allegations of trespass in the instant action.
In analyzing the complaint, plaintiffs’ allegations fall into two categories: (1) those concerning activities underlying the 1973 litigation; and (2) those asserting trespass generally. Only the claims encompassed by the first category are definitely barred by res judicata.
*357 This State has adopted the transactional analysis approach in deciding res judicata issues (Matter of Reilly v Reid, 45 NY2d 24). Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (id., at pp 29-30). Here, all of defendants’ conduct falling in the first category was also raised during the 1973 suit as the basis for that litigation. That proceeding having been brought to a final conclusion, no other claim may be predicated upon the same incidents.
Plaintiffs, relying on Smith v Kirkpatrick (305 NY 66, supra), urge that de facto appropriation and trespass are actions having different theoretical bases and requiring different evidentiary proof. This contention, however, erroneously characterizes the bases of the two causes. De facto appropriation does not involve a proof of title in the governmental defendant. Rather, de facto appropriation, in the context of physical invasion, is based on showing that the government has intruded onto the citizen’s property and interfered with the owner’s property rights to such a degree that the conduct amounts to a constitutional taking requiring the government to purchase the property from the owner; only at that point does title actually transfer. “[T]he taking occurs when interference with the owner’s use has occurred to such an extent that an easement by prescription will rise by lapse of time” (Dunham, Griggs v Allegheny County In Perspective: Thirty Years of Supreme Court Expropriation Law, 1962 Ct Rev 63, 87). In effect, de facto appropriation may be characterized as an aggravated form of trespass. The pertinent evidence in both actions is the same. The basic distinction lies in the egregiousness of the trespass and whether it is of such intensity as to amount to a taking.
In any event, even if it were assumed that the two actions involved materially different elements of proof, the second suit would be barred as to the claim predicated upon the first category allegations. When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would *358 constitute a single “factual grouping” (Restatement, Judgments 2d, § 61 [Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions.[1] Consequently, plaintiffs’ action is barred by the doctrine of res judicata insofar as the allegations in the first category are concerned.
Finally, the second category of allegations — the general trespass allegations — are not barred by res judicata to the extent that they describe acts occurring after the 1973 lawsuit. They are, however, barred by reason of plaintiffs’ failure to serve timely a notice of claim.[2]
A notice of claim is a condition precedent to bringing a tort claim against a municipality (General Municipal Law, § 50-e, subd 1, par [a]). Among other things, the notice must state “the time when, the place where and the manner in which the claims arose” (General Municipal Law, § 50-e, subd 2). The test of the notice’s sufficiency is whether it includes information sufficient to enable the city to investigate the claim (Rivero v City of New York, 290 NY 204; see, also, Leone v City of Utica, 66 AD2d 463, affd 49 NY2d 811; Matter of Powell v Town of Gates, 36 AD2d 220).
The notice of claim preceding the instant action fails to meet this standard. Here, no mention is made of any trespassory acts other than those underlying the 1973 proceeding. Thus, the city received no indication as to when, where, or how the claim stemming from the second category of allegations arose so that it had no opportunity to investigate. Inasmuch as no notice of claim has been filed within 90 days after the alleged claim arose (General Municipal Law § 50-e, subd 1, par [a]), no action based on the second category of allegations may now be brought.
*359 For the reasons stated, the order of the Appellate Division granting the defendants’ motion and dismissing the complaint should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
Order affirmed, with costs.

. To the extent Smith v Kirkpatrick (305 NY 66, supra) may be to the contrary, it is overruled.

. The notice refers to the taking by tax deed in 1977. This is a transaction independent from the others and occurring after the termination of the first suit. Thus, it is not barred by the doctrine of res judicata. The taking, however, did not involve any physical intrusion on plaintiffs’ property. As a matter of law, then, it cannot provide a basis for an action in trespass (see Rager v McCloskey, 305 NY 75, 79; Restatement, Torts, § 158, Comments a, b), which is the gravamen of the complaint here.