■ BERNARD A. MAITLAND et al., Respondents, v TROJAN ELECTRIC & MACHINE CO., INC., et al., Appellants. — In an action to recover a down payment and damages sustained in connection with a contract for the construction and sale of a residential premises, the defendants appeal from an order of the Supreme Court, Dutchess County (Coppola, J.), entered July 6, 1983, which denied their motion to dismiss the complaint pursuant to CPLR 3211, on the grounds that the cause of action may not be maintained because of *res judicata* and collateral estoppel, the complaint fails to state a cause of action, and documentary evidence defeats the claim. ¶ Order reversed, on the law, with costs, motion granted, and complaint dismissed. ¶ In January, 1980, Bernard A. Maitland and Raymonde Maitland, the plaintiffs, instituted an action to recover a down payment and damages from Trojan Electric & Machine Co., Inc., and Warren V. Jaeger, doing business as Trojan Homes, the defendants. ¶ Thereafter, the defendants served interrogatories on the plaintiffs pursuant to CPLR 3132. On January 18, 1982, the plaintiffs moved for a protective order "vacating a demand for answers to interrogatories". By order dated February 22, 1982, Special Term, *inter alia,* ordered that "[p]laintiffs shall serve their answers to the remaining interrogatories within 30 days of the service of a copy of this order with notice of entry hereof". ¶ On January 10, 1983, the defendants moved for an order "vacating plaintiffs' note of issue and certificate of readiness and for an order imposing sanctions for failure to comply with a prior disclosure order". The plaintiffs cross-moved for summary judgment. ¶ By order entered February 1, 1983, Special Term denied the cross motion for

summary judgment. With regard to the defendants' motion the court dismissed the complaint on the ground that the plaintiffs failed to comply with Special Term's previous order. No appeal was taken from the order dismissing the complaint. ¶ On April 25, 1983, the plaintiffs served a second summons and complaint on the defendants, which complaint essentially restated the same cause of action set forth in the first complaint, and added a second cause of action which arose "out of the same transaction or series of transactions" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357) as the cause of action stated in the first complaint. Defendants moved to dismiss. ¶ On the record before us, we conclude that the defendants' motion to dismiss should have been granted on the ground that "the cause of action may not be maintained because of * * * res judicata" (CPLR 3211, subd [a], par 5; see *Barrett v Kasco Constr. Co.,* 56 NY2d 830). Accordingly, the complaint in this second action should be dismissed. ¶ In light of our disposition, we need not decide the defendants' remaining contentions. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.