OPINION OF THE COURT
Jacqueline W. Silbermann, J.
Defendant, the General Arbitration Council of the Textile *897 and Apparel Industries (hereinafter defendant), moves by notice of motion for an order dismissing plaintiff Alan I. Wally’s (hereinafter plaintiff) complaint pursuant to CPLR 3211 (a) (5) and (7) and/or summary judgment pursuant to CPLR 3212. Plaintiff opposes the motion.
On January 16, 1987, plaintiff entered into an employment agreement with Cameron Industries, Inc. (hereinafter Cameron) that contained an arbitration clause. Plaintiff initiated an arbitration proceeding against Cameron on July 27, 1989 for Cameron’s failure to pay vacation compensation and earned commissions to the plaintiff as required in plaintiff’s employment contract. An arbitrator rendered an award in this arbitration against plaintiff on March 15, 1990, which was reaffirmed by the arbitrator on May 4, 1990. Plaintiff then attempted to vacate the award claiming that the arbitrator failed to take an oath or to conduct the arbitration in accordance with the published rules. This court confirmed the award on September 17, 1990; the Appellate Division affirmed and found that the plaintiff failed to establish any grounds for vacating the arbitration award. (Wally v Cameron Indus., 179 AD2d 548 [1st Dept 1992].)
In the instant complaint, plaintiff lists 12 causes of action against defendant alleging, inter alla, breach of contract and fraud in connection with the above arbitration. Defendant moves to dismiss the complaint arguing that plaintiff’s claims to vacate the arbitration award in the previous action are identical to the allegations raised in his current complaint. Because plaintiff’s current claims have already been adjudicated by this court and the Appellate Division, defendant contends that the plaintiff is collaterally estopped from raising these claims in the current action. Furthermore, defendant argues that plaintiff is barred from raising these claims due to the doctrine of arbitral immunity.
Plaintiff counters that the defendant is not covered by the doctrine of arbitral immunity because the defendant’s alleged fraud and breach of contract occurred outside the scope of the arbitral process. He claims that the defendant’s actions were in breach of the rules employed to conduct a fair and just arbitration proceeding. Plaintiff further alleges that the defendant fraudulently withheld information concerning the arbitrator’s failure to take the required oath.
The court finds that the doctrine of arbitral immunity is controlling in this decision. Under this doctrine, "arbitrators *898 in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process.” (Austern v Chicago Bd. Options Exch., 898 F2d 882, 886 [2d Cir 1990].) The immunity developed to shield arbitrators from "bias or intimidation caused by the fear of a lawsuit arising out of the exercise of official functions” (Corey v New York Stock Exch., 691 F2d 1205, 1209 [6th Cir 1982]). Thus, the doctrine of arbitral immunity protects arbitrators, and their organizations, from civil liability for all acts performed in their arbitral capacity. Eliminating or merely reducing this immunity would discourage arbitration, "a policy that is strongly encouraged by the Federal Arbitration Act.” (Austern v Chicago Bd. Options Exch., 898 F2d, at 886.) Therefore, as a matter of law, the doctrine of arbitral immunity bars the plaintiff from asserting claims against the defendant stemming from actions originating from the initial arbitration.
Plaintiff’s contention that defendant’s actions were not protected by arbitral immunity also fails. In categorizing defendant’s actions as fraud or breach of contract, the plaintiff misconstrues the objective of arbitral immunity, which is to free the arbitrator from harassment or intimidation from the litigants. Consequently, defendant’s actions, or lack thereof, during the arbitration proceeding are thereby immunized from liability.
Moreover, arbitration awards are subject to an automatic right of judicial review, pursuant to the Federal Arbitration Act. (See, Corey v New York Stock Exch., supra, 691 F2d, at 1210.) The circumstances under which an award may be vacated include procurement of an award by fraud, partiality, misconduct on the part of the arbitrators, etc. (Supra.) Plaintiff already availed himself of this right to judicial review in his motion to vacate the award. The First Department found that the plaintiff failed to establish any of the grounds set forth in CPLR 7511 (b) for vacating an arbitration award.
Even if the court held the doctrine of arbitral immunity to be inapplicable to the facts of this case, the court finds that the doctrines of res judicata and collateral estoppel serve to bar plaintiff’s complaint. A number of the plaintiff’s allegations, such as the failure to conduct the arbitration in accordance with specific rules and the arbitrator’s failure to take the required oath, have already been litigated. Thus, plaintiff is collaterally estopped from relitigating those claims previously raised in the action to vacate the award. Similarly, *899 many of the issues now raised by plaintiff in his current complaint, while not collaterally estopped, should have been raised during the appeal of plaintiff’s action to vacate the arbitration award. Accordingly, those claims not previously adjudicated in the first action are barred under the doctrine of res judicata. (O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981].)
Accordingly, the court finds that the defendant is immune from civil liability for the acts of the arbitrator arising from the contractually agreed upon arbitration proceeding. Thus, the court grants defendant’s motion to dismiss plaintiff’s complaint.
All matters not decided herein are hereby denied.