In re PETKER & BURAN
FUR CORP., Debtor.

BERNSTEIN MANAGEMENT CORP.,
d/b/a Bernstein Real Estate, as agent for
Fur Land Associates, Inc., Appellant,

v.

PETKER & BURAN FUR
CORP., Respondent.

Nos. 94 B 45648 (CB), 95 Civ. 7062 (LLS).

United States District Court,
S.D. New York.

Jan. 25, 1996.

Law Office of Douglas J. Pick (Douglas J. Pick, of counsel), New York City, for appellant.

Bodian & Eames (David T. Eames, Haleh T. Wolfe, of counsel), New York City, for respondent.

### Memorandum and Order

STANTON, District Judge.

Bernstein Management Corp. ("Bernstein") appeals from an order of the United States Bankruptcy Court for the Southern District of New York denying Bernstein's motion for summary judgment, dismissing the involuntary petition it filed against Petker & Buran Fur Corp. ("Petker"), and awarding Petker attorneys' fees and costs.

### *BACKGROUND*

Bernstein filed an involuntary petition for relief against Petker under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Bernstein had been Petker's landlord and claimed Petker owed $78,436.47 in back rent.

In its answer, Petker asserted that Bernstein was ineligible to file the petition because its claim was subject to a *bona fide* dispute. (If a debtor has fewer than 12 creditors, an involuntary petition may be filed against it by one or more creditors whose claims in the aggregate exceed $10,000 and are not subject to a *bona fide* dispute.) Specifically, Petker alleged that Bernstein's claim had been extinguished by an oral agreement on the record (the "Settlement Agreement") which settled a state court action (the "State Court Action") between Petker and Bernstein. Petker also asserted a counterclaim for attorneys' fees, costs and damages. (*See* Answer to Involuntary Petition, Record D1, Ex. D.)

Bernstein moved for summary judgment on its petition, and Petker moved for dismissal of the petition and judgment on its counterclaim. Petker submitted the affidavit of its attorney, Robert Bodian, stating:

[M]y clear understanding of the settlement was that it extinguished all claims between the parties as to the landlord/tenant relationship at issue. This understanding is consistent with the terms of the settlement stated in open court, which reserved no claims as between the parties. We would not have entered into the settlement if it did not mean an end to litigation between the parties. Bernstein's papers acknowledge that I was not advised that Bernstein planned to assert a rent claim, and Bernstein's position here is inconsistent with its earlier agreement.

(Bodian Aff. dated May 17, 1995, Record D7, ¶ 2.)

The bankruptcy court denied Bernstein's motion and granted Petker's. The court perceived both factual and legal questions about the effect of the Settlement Agreement on the rent claim:

Bernstein has failed to establish that there are no material facts in dispute, thus its summary judgment motion is denied ... Bernstein alleges that Mr. Bodian's affidavit for Petker is insufficient to create a bona fide dispute. However, this Court finds that Bernstein similarly offered subjective evidence. As with many settlement disputes, especially one that is not reduced to writing, by necessity the parties' intent is a relative [sic: probably spoken as "relevant"] inquiry. Additionally, there is a legal question as to whether New York law presumes that the rent claim is encompassed in the settlement.

(Transcript, Record D9, at 8.)

The bankruptcy court (Cornelius Blackshear, B.J.) denied Bernstein's motion for

summary judgment, dismissed the petition and awarded Petker attorneys' fees and costs.

## DISCUSSION

### A. Bona Fide Dispute

Section 303 of the Bankruptcy Code provides:

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ...

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $10,000 of such claims. . . .

■ A claim is subject to a bona fide dispute if there is a genuine issue of material fact that bears upon the debtor's liability or a meritorious contention as to the application of the law to undisputed facts. *In re Mavellia*, 149 B.R. 301, 305 (Bankr.E.D.N.Y.1991); *see also In re Elsa Designs, Ltd.*, 155 B.R. 859, 864 (Bankr.S.D.N.Y.1993) ("[I]t must be determined whether there is an objective basis for either a substantial factual or legal dispute as to the validity of the debt.").

### B. Bernstein's Rent Claim

■ The bankruptcy court stated that New York law might presume that the rent claim had been extinguished by the Settlement Agreement. However, under the circumstances of this case, there could be no such presumption.

■ A settlement agreement—including one made in open court—is a contract and is construed using contract law principles. *E.g., Serna v. Pergament Distributors*, 182 A.D.2d 985, 986, 582 N.Y.S.2d 550, 552 (3rd Dep't 1992); *In re Adirondack Railway Corp.*, 95 B.R. 867, 874 (N.D.N.Y.1988). If an agreement is unambiguous on its face, a court should not consider extrinsic evidence of the parties' intentions. *Huertas v. East River Housing Corp.*, 992 F.2d 1263, 1266 (2nd Cir.1993).

The state court transcript reflects the Settlement Agreement:

MR. BODIAN: Robert Bodian for plaintiff, Petker and Buran Fur Corporation, which is the only plaintiff remaining in this case. Petker and Buran have settled with defendants, Fur Land Company and Sidney J. Bernstein, who are the only defendants remaining in the amount of $225,000. The action is dismissed, with prejudice.

MS. GOODMAN: I'm Judith Goodman, for the defendants, Fur Land Company, Inc. and Sidney J. Bernstein, Inc. That is our agreement.

MR. BODIAN: Ms. Goodman has been kind enough to tell me that the check will be processed expeditiously.

MS. GOODMAN: That's correct.

MR. BODIAN: So, I don't forget it will be made out to Bodian & Eames, to their escrow account. It is further indicated that the case is settled with prejudice and it is without costs to any party. Let the record reflect that this settlement has been approved and authorized by the client's [sic] directly, who have authorized the attorneys to appear here this morning and state the settlement.

MS. GOODMAN: That is correct.

(Transcript, State Court Action, Record D3, Ex. A at 2.)

The Settlement Agreement is unambiguous: the parties settled the pending State Court Action for $225,000. Bodian, Petker's attorney, referred twice to the "case" or "action" being settled.

The settled case did not include any claim for rent. It had nothing to do with rent.

Petker sued Bernstein for damages, claiming its merchandise had been destroyed in a flood caused by Bernstein's negligent maintenance of the leased premises and breach of the lease covenant to maintain safe premises. (*See* Second Amended Complaint, State Court Action, Record D1 Ex. F, ¶¶ 5, 7, 10.) Bernstein denied it was negligent and asserted affirmative defenses based on lease provisions. It did not assert any counterclaim or setoff for unpaid rent. (*See* Answer to Second Amended Complaint, State Court Action, Record D1 Ex. G.)

Furthermore, the present rent claim has no relationship to the claims in the State Court Action. The flood at issue in the State Court Action occurred in 1988, and Petker did not default on its rent obligation until 1993. Thus, although in fact Petker's rent payments may have been in arrears at the time the State Court Action was settled, it did not involve any claim in that respect.

In concluding that a presumption might bring the rent claim within the scope of the Settlement Agreement, the bankruptcy court may have relied [1] on some overly broad and potentially misleading language cited by the parties. Both parties cited a treatise, which states:

> The scope of a settlement agreement is generally limited to the matters which it specifically covers; its effect does not extend to other disputes between the same parties. The presumption is that all matters which could have been litigated in a pending suit were included in a settlement of a suit, and that in any settlement where mutual demands were considered and settled, all demands in favor of either party were liquidated by the settlement.

19 N.Y.Jur.2d, *Compromise, Accord and Release* § 42 (1982 & Supp.1995) (footnotes omitted).

The key language is "could have been litigated": Petker argues that because Bernstein would have been permitted to assert the rent claim in the State Court Action as a counterclaim or setoff, the claim was extinguished by the Settlement Agreement. However, the case cited in the treatise, *Paramount Contracting Co. v. Deklade*, 169 N.Y.S. 154 (1st Dep't 1918), shows that "could have been litigated" is narrower. It does not refer to unrelated claims of whatever nature; it means claims arising from the same set of facts.

In *Paramount*, a contractor brought suit to enforce a mechanic's lien on a customer's property for the amount due under an alteration contract. The parties entered into a settlement agreement which required the contractor to perform additional work and the customer to pay the contractor in installments. *Id.* at 155. The customer refused to make the final payment, claiming that some of the additional work had not been performed and that some of the earlier work under the original contract had been performed improperly.

The Appellate Division held that the trial court should not have admitted evidence of the improperly-performed work: "All matters in dispute between the parties under the original contract could have been litigated in that action, and it seems clear that a new agreement was then made whereby the defendant agreed to pay the sum of $400 upon completion of the specific items of work mentioned in said agreement, and she cannot now offset against that liability any imperfections which may have been subsequently discovered in the work theretofore done." *Id.*

Although it did not use that term, the court essentially invoked the doctrine of *res judicata*, which bars relitigation not only of claims actually litigated but also of claims arising out of the same transaction or occurrence which could have been asserted in the earlier action. *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (Ct.App.1981). The

---

1. The bankruptcy court did not issue a written decision, and in its oral ruling did not identify any authority for the presumption.

principle does not bar Bernstein's rent claim, which arose out of a different transaction or occurrence than Petker's flood damage claim.

■ Because the Settlement Agreement unambiguously settled the claims in the State Court Action, Bodian's subjective belief that it encompassed the rent claim is immaterial. An agreement does not become ambiguous because one of the parties later asserts that it subjectively intended a different meaning. *New Bank of New England, N.A. v. Toronto–Dominion Bank,* 768 F.Supp. 1017, 1022 (S.D.N.Y.1991).

Accordingly, Bernstein's claim is not subject to a *bona fide* dispute. The bankruptcy court's order dismissing the petition is reversed.

### C. Attorneys' Fees and Costs

The order dismissing the petition having been reversed, there is no basis for an award of attorneys' fees and costs. *See* 11 U.S.C. § 303(i) (court may award fees and costs if it dismisses an involuntary petition other than on consent of all parties). The order awarding such fees and costs to Petker is reversed.

### D. Bernstein's Summary Judgment Motion

■ Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056).

To establish Petker's liability, Bernstein submitted a copy of the lease signed by representatives of Bernstein and Petker. The lease requires Petker to pay rent on the first day of each month during the lease term, and does not excuse payment in the event Petker vacates. Petker concedes that it vacated the leased premises in early October 1993, more than four years before the end of the lease term. (*See* Petker's Statement Pursuant to Local Bankruptcy Rule 13(h), Record D6, ¶ 4.) Petker submitted no evidence that it was not liable for the rent.

However, Bernstein submitted no affidavit from someone with firsthand knowledge that Petker defaulted on its rent obligation. Bernstein's attorney, Douglas Pick, who is "fully familiar with the facts and circumstances" set forth in his affidavit, does not purport to have such knowledge. Thus, the bankruptcy court did not err in denying Bernstein's motion for summary judgment.

### CONCLUSION

The judgment of the bankruptcy court is affirmed in part and reversed in part. Remanded for further proceedings in accordance with the foregoing.

So ordered.