Walter KOWSH, Jr., Betty Gonzalez, Kerry Birmingham, Stephen O'Keefe, Peter D. Stranis, James Villafane, Bettyna S. Ramirez, Carlos Louis, Ana V. Ayazo, Galina Rubenstein, Vladimir Rubinstein, Olga Sidlar, Julio C. Ramirez, Maria Sharoubim, Ellen Sidlar, Clemencia E. Ramirez, Hilda R. Lopez, Marilyn Gabriel, Nancy Shaw, Christopher S. Midget, Marianne T. Midgett, Howard M. Groudan, James G. Lecakes, Adela Garcia, Herbert Garcia, Elio Herman Ayazo, Plaintiffs–Appellants,

·v.

The BOARD OF ELECTIONS OF the CITY OF NEW YORK, Vincent J. Vellella, Weyman A. Carey, Douglas A. Kellner, Ferdinand C. Marchi, Seymour Sheldon, George M. Spanakos, Paul Mejias, Frederic Umane, Gertrude Strohm, Kathleen M. Wagner, Ronald J. D'Angelo, Commissioners of the Board of Elections in the City of New York in their Official and Individual capacities, Defendants–Appellees.

Nos. 1129, Docket 96–9314.

United States Court of Appeals, Second Circuit.

Argued Oct. 29, 1996.

Decided Oct. 29, 1996.

As Amended Oct. 30, 1996.

Jackson Leeds, Flushing, NY, for Plaintiffs–Appellants.

Stuart D. Smith, New York City (Paul A. Crotty, Corporation Counsel of the City of New York, Barry P. Schwartz, on the brief), for Defendants–Appellees.

Before: KEARSE, WALKER, and JACOBS, Circuit Judges.

PER CURIAM:

Plaintiffs Walter Kowsh, Jr., *et al.,* appeal from so much of a final judgment of the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge,* as denied their motion for an injunction requiring defendant Board of Elections

of the City of New York (the "Board") to place the name of plaintiff Julio C. Ramirez on the ballot for state senator in New York's 16th Senate District ("16th District") in the November 5, 1996 general elections. On appeal, plaintiffs principally urge that this Court (1) order the district court to grant an injunction requiring the Board (a) ·to place Ramirez's name on the ballot, (b) to allow all plaintiffs to vote in the 16th District, and (2) remand for further proceedings on Ramirez's claim for damages. For the reasons that follow, we affirm.

## I. BACKGROUND

In the summer of 1996, Ramirez petitioned to have his name placed on the primary ballot for state senator in the 16th District on the Republican, Conservative, and Freedom Party lines. With an exception not applicable here, the New York State Constitution requires that a candidate for State Senate reside in the district for the 12 months preceding the election. The Board rejected Ramirez's petition on the principal ground that Ramirez did not live in the 16th District. The Board also found that the other plaintiffs, who are supporters of Ramirez, did not live in the 16th District and that Ramirez did not have sufficient signatures on his Republican and Conservative nominating petitions.

Ramirez, though not questioning the determination that he lacked a sufficient number of signatures on his petitions, brought suit in state court to challenge the decision of the Board as to his residency. Ramirez argued that a prior Board list showed him as a resident of the 16th District and that the Board should therefore be estopped from ruling that he was not a resident of that district. The New York State Supreme Court found as a matter of law that Ramirez did not reside within the 16th District and that the Board, as a public body, could not be estopped from correcting its prior error in listing Ramirez as a resident of that district. The court therefore upheld the Board's refusal to place Ramirez's name on the primary ballot; the Appellate Division affirmed, and the New York State Court of Appeals denied leave to appeal. *See Ramirez v. Colon,* No. 16723/96 (N.Y.Sup.Ct. Aug. 5, 1996),

*aff'd,* —— A.D.2d ——, 646 N.Y.S.2d 637 (N.Y.App.Div., 2d 1996), *leave to appeal denied,* Mo. No. 1184, 1996 WL 664984 (N.Y.Ct. App. Aug. 27, 1996).

Plaintiffs brought the present action against the Board and election officials requesting, *inter alia,* a preliminary injunction requiring the Board (a) to place Ramirez's name on the ballot for the general election, and (b) to allow the other plaintiffs (the "voter plaintiffs") to vote in the 16th District. Defendants moved to dismiss principally on the ground that, in light of Ramirez's state-court action, the present action is barred by principles of res judicata. The magistrate judge to whom the matter was referred for report and recommendation, recommended that the claims asserted by Ramirez himself be dismissed on the ground of res judicata, but that the claims of the voter plaintiffs, who were not party to the state-court action, should not be dismissed on that ground. Report and Recommendation of United States Magistrate Judge A. Simon Chrein dated October 3, 1996 ("Magistrate Report" or "Report"). The Magistrate Report recommended that the court deny the motion of the voter plaintiffs to be allowed to vote in the 16th District but grant a preliminary injunction·to require that the name of Ramirez be placed on the ballot.

In a Memorandum and Judgment dated October 11, 1996 ("District Court Opinion"), the district court accepted so much of the Magistrate Report as recommended denial of plaintiffs' claims, but it rejected so much of the Report as recommended granting the voter plaintiffs' motion to require that Ramirez's name be placed on the ballot. The district court found that the detailed maps adopted by the New York State legislature, and relied upon by the United States Department of Justice in administering the Voting Rights Act, showed definitively that Ramirez does not reside in the 16th District. District Court Opinion at 2. The court noted also that· though there is a state-law exception that under certain conditions permits a nonresident of a given district to run for the State Senate from that district, Ramirez did not meet those conditions. ·Accordingly, the court denied plaintiffs' request for prelimi-

nary injunctive relief and dismissed the complaint in its entirety.

This expedited appeal followed.

## II. DISCUSSION

Although in their brief on appeal, plaintiffs argue (1) that Ramirez's name should be placed on the ballot, (2) that the voter plaintiffs should be allowed to vote in the 16th District, and (3) that the dismissal of Ramirez's claim for damages should not have been dismissed on the ground of res judicata, only the first of these arguments is properly before this Court.

The Federal Rules of Appellate Procedure require that an appellant specify in his notice of appeal the order or decision of which review is sought. *See* Fed. R.App. P. 3(c). Plaintiffs' notice of appeal in the present case stated that plaintiffs appealed "from the Memorandum and Judgment ... of the Honorable Jack B. Weinstein, reversing the Report and Recommendation of Magistrate A. Simon Chrein that an injunction be issued placing Julio C. Ramirez on the ballot for the November 5, 1996 General Elections." Accordingly, only so much of the district court's judgment as denied an injunction placing Ramirez's name on the ballot is properly before us.

The contention that the district court erred in not ordering that Ramirez's name be placed on the ballot has no merit because that claim was barred by principles of issue preclusion. *See, e.g., Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487 (1984) (principles of collateral estoppel bar relitigation of an issue that is identical to an issue which has necessarily been decided in a prior action); *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction ... are barred, even if based upon different theories or if seeking a different remedy....").

The claim that Ramirez's name should be placed on the ballot for State Senator from the 16th District was presented by Ramirez to the state courts, which ruled that the Board correctly determined that he was not a resident of that district. Clearly, the interests of the voter plaintiffs were adequately represented by Ramirez in the litigation of the issue of his own residency. *See generally Tarpley v. Salerno,* 803 F.2d 57, 60 (2d Cir. 1986) (per curiam). That claim may not properly be relitigated either by Ramirez or by the voter plaintiffs.

Ramirez's contention that his claim for damages was not subject to dismissal on res judicata grounds because that claim could not have been decided in the state-court action provides no basis for relief on this appeal since the limited notice of appeal that plaintiffs filed did not include that issue for review.

## CONCLUSION

We have considered all of plaintiffs' contentions that are properly before us on this appeal and have found them to be without merit. The judgment of the district court is affirmed.