■ COVENTRY EDWARDS-PITT, Appellant, v JOHN DOE et al., Defendants, and JOHN DONOVAN et al., Respondents. [741

NYS2d 567] —In an action, inter alia, to permanently enjoin the defendants from altering, resurfacing, paving, grading, excavating, or settling the plaintiff's property, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Slobod, J.), dated September 14, 2000, which recalled and vacated a prior oral decision granting her application to add as defendants John Donovan and Miriam Donovan, and which required her to file a proposed supplementary summons and amended complaint, (2), as limited by her brief, from stated portions of an order of the same court dated December 14, 2000, which, inter alia, upon granting her motion to add John Donovan and Miriam Donovan as defendants, limited her causes of action against them to "those which relate to the request for and enforcement of any mandate of this Court for the removal and modification of the drainage system(s)" installed in conjunction with the paving of a right-of-way across the plaintiff's property, and (3), as limited by her brief, from so much of an order of the same court, dated May 18, 2001, as, upon reargument, adhered to its original determination in the order dated December 14, 2000, and granted the cross motion of John Donovan and Miriam Donovan to dismiss all causes of action insofar as asserted against them without prejudice to the plaintiff serving a proper supplemental amended complaint setting forth those causes of action against them which were authorized by the order dated December 14, 2000.

Ordered that the appeal from the order dated September 14, 2000, is dismissed, as no appeal lies as of right from an order entered sua sponte which does not decide a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal has not been granted; and it is further,

Ordered that the appeal from the order dated December 14, 2000, is dismissed, as that order was superseded by the order dated May 18, 2001, made upon reargument; and it is further,

Ordered that the order dated May 18, 2001, is modified, on the law, by (1) deleting the provision thereof adhering to so much of the order dated December 14, 2000, as limited the plaintiff's causes of action against the defendants John Donovan and Miriam Donovan and substituting therefor a provision reinstating the supplemental verified amended complaint dated September 8, 2000, against the Donovans, but severing the third cause of action, and (2) deleting the provision thereof granting the cross motion of the defendants John Donovan and Miriam Donovan and substituting therefor a provision denying the cross motion; as so modified, the order dated May 18, 2001, is affirmed insofar as appealed from, and the order dated December 14, 2000, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff correctly contends that the Supreme Court erred in limiting her causes of action against John Donovan and Miriam Donovan (hereinafter the Donovans) which arose out of the paving and installation of a drainage system along a right-of-way to which all of the parties, and some nonparties, have an interest. The plaintiff should be able to bring all those causes of action against the Donovans in law and equity which arose out of the same transactions or occurrences relating to the paving and installation of the drainage system (*see O'Brien v City of Syracuse,* 54 NY2d 353). Therefore, the plaintiff's supplemental verified complaint dated September 8, 2000, must be reinstated against the Donovans except for the plaintiff's third cause of action, which sought relief against them for an alleged encroachment on her property of their boat dock driveway. That cause of action is severed, as it is not related to the instant action.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.