■ JOAN MCQUILLAN, Appellant, v ST. VINCENT'S HOSPITAL et al., Respondents, et al., Defendants. [778 NYS2d 280]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered April 16, 2003, which dismissed the complaint in its entirety, unanimously affirmed, without costs.

The complaint was predicated on the same series of transactions and occurrences that formed the basis of prior proceedings brought by plaintiff and dismissed on statute of limitations grounds (*see McQuillan v Magura*, 233 AD2d 186 [1996], *lv denied* 89 NY2d 812 [1997]; *McQuillan v Theresa & Edward O'Toole Found.*, 151 AD2d 1057 [1989]), thus warranting dismissal herein under the doctrine of res judicata. It does not avail plaintiff now to seek recovery ostensibly under a different theory, since both this and the previous claims arise from the same underlying transactions (*see O'Brien v City of Syracuse*, 54 NY2d 353 [1981]; *Tsabbar v Delena*, 300 AD2d 196 [2002], *lv denied* 100 NY2d 508 [2003]).

Plaintiff's fraud claims are also barred by the six-year statute of limitations (CPLR 213 [8]; 203 [g]). The record conclusively establishes that plaintiff had knowledge of the alleged fraud for

at least six years prior to commencement of the instant action (*see Rattner v York*, 174 AD2d 718 [1991]; *cf. Trepuk v Frank*, 44 NY2d 723 [1978]). Plaintiff was properly enjoined from initiating further litigation against these defendants without prior court approval in order to prevent her further use of the courts to harass and embarrass them (*Jones v Maples*, 286 AD2d 639 [2001], *lv dismissed* 97 NY2d 716 [2002]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.