■ DAVID M.A. ELIAS, Appellant, v LORD NATHANIEL CHARLES JACOB ROTHSCHILD, Respondent. [815 NYS2d 89]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered April 15, 2005, dismissing the complaint and bringing up for review an order of the same court and Justice, entered April 11, 2005, granting defendant's motion to dismiss the complaint as barred by the doctrine of res judicata, unanimously affirmed, with costs. Appeal from the April 11, 2005 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The transactions upon which this action is premised were the subject of prior claims brought by and concluded against plaintiff (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288 [2003]). Accordingly, the action is barred by the doctrine of res judicata (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). We note in this connection that claims can arise out of the same transaction or series of transactions "even if there are variations in the facts alleged, or different relief is sought" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 192 [1981]) and even when " 'several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief' " (*id.*, quoting Restatement [Second] of Judgments [Tent Draft No. 5] § 61, Comment *c*).

Because the issues raised in this action were also actually and necessarily decided in the earlier case after plaintiff was af-

forded a full and fair opportunity for their litigation, dismissal was also warranted on the grounds of collateral estoppel (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). Concur—Friedman, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.