Charles M. SATTERFIELD, III, Plaintiff–Appellant,

v.

PFIZER, INC. and Wagner Harding Fischbein Badillo [1], Defendants–Appellees.

No. 06–0701–cv.

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

See also 88 F.Supp.2d 288 and 238 F.3d 217.

1. It appears that plaintiff may have confused the order of names in the law firm defendant, which is "Fischbein Badillo Wagner Har- ding." Because we affirm dismissal of this lawsuit, however, we do not order correction of the caption.

**60**

---

Charles M. Satterfield, III, Houston, TX, pro se.

Steven R. Schindler, Schindler, Cohen & Hochman LLP, New York, NY, for Defendant–Appellee Pfizer, Inc.

Kenneth G. Schwartz, Fischbein Badillo Wagner Harding, New York, NY, pro se.

Present: THOMAS J. MESKILL, RICHARD J. CARDAMONE and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff *pro se* Charles M. Satterfield, III, appeals from a final judgment dismissing his pending fraud complaint against defendants Pfizer, Inc. and Wagner Harding Fischbein Badillo, denying his Rule 60(b) motion to vacate the judgment against him in *Satterfield v. Monsanto*, 88 F.Supp.2d 288 (S.D.N.Y.2000), aff'd 238 F.3d 217 (*per curiam* ), and enjoining him from filing any new action based on the acts complained of in this litigation. *See Satterfeld v. Pfizer*, 2005 WL 1765708 (S.D.N.Y. July 18, 2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The instant action is Satterfield's fourth lawsuit seeking to obtain stock at present value based on stock certificates issued in 1924 to his great-grandfather, Daniel Oldroyd. *See Satterfield v. Monsanto Co.*, 88 F.Supp.2d 288, aff'd 238 F.3d 217; *Satterfield v. Pharmacia Corp.*, 2002 WL 1358751 (Del.Ch. June 17, 2002), aff'd 2002 WL 31107548 (Del. Sept.19, 2002); *Satterfield v. Brady*, 2003 WL 22953179 (D.Del. Dec.9, 2003); *Satterfeld v. Pfizer*, 2005 WL 1765708 (S.D.N.Y. July 18, 2005). In the first of these suits, the United States District Court for the Southern District of New York specifically ruled that Satterfield is not entitled to the stock that forms the basis of all his claims. *See Satterfield v. Monsanto Co.*, 88 F.Supp.2d at 294 ("Since all of plaintiff's claims depend upon his being a shareholder of Monsanto, which he is not, defendants' motion for summary judgment is granted."). We affirmed that ruling. *See Satterfield v. Monsanto Co.*, 238 F.3d at 219.

■ To the extent Satterfield now attempts to relitigate the stock question by filing the present fraud complaint or by moving to vacate the earlier Southern District judgment, the district court correctly rejected both efforts. Satterfield may not use Fed.R.Civ.P. 60(b)(4) to set aside a judgment based on the assertion that it was incorrect as a matter of law. *See First Fidelity Bank, N.A. v. Gov't of Ant. & Barb.—Permanent Mission*, 877 F.2d 189, 194 (2d Cir.1989). Nor may he use Rule 60(b)(6) to set aside the judgment based on alleged misrepresentations by his adversary given the opportunity he had to challenge those representations in the prior proceeding. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95–96 (2d

Cir.2002); *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir.1988). To allow Satterfield to challenge the first Southern District judgment under Rule 60(b)(6) would improperly ignore the requirement of Rule 60(b)(3) that motions based on allegations of fraud by an adversary be filed within one year of judgment. In any event, the district court did not abuse its discretion in ruling that, even under Rule 60(b)(6), Satterfield's motion was untimely because it was filed four years after judgment without mitigating circumstances to excuse such delay. *See* Fed R. Civ. P. 60(b) ("The motion shall be made within a reasonable time."); *Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2d Cir.2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time.").

Because Satterfield has not succeeded in setting aside the earlier Southern District judgment, his new complaint was properly dismissed. Satterfield's claims against Pfizer involve the same transaction already litigated between Satterfield and Pfizer's predecessor in interest and are, therefore, barred by *res judicata. See D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 112 (2d Cir.2006); *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 (1981). Satterfield's claims against Wagner Harding Fischbein Badillo are premised on his ownership of stock, a contention "identical to an issue already decided" against him and, therefore, barred by collateral estoppel. *Curry v. City of Syracuse,* 316 F.3d 324, 331 (2d Cir.2003).

Finally, the district court acted within its discretion by enjoining Satterfield from future relitigation of these issues because the plaintiff has demonstrated a history of vexatious litigation, he lacks an objective good faith expectation of prevailing, and an injunction is necessary to protect other parties and the courts. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 528–29 (2d Cir.2005).

Accordingly, the judgment of the district court is AFFIRMED in all respects.