**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HACIENDA MANAGEMENT, S. De R.L. De C.V, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STARWOOD CAPITAL GROUP GLOBAL I, LLC; STARWOOD GLOBAL OPPORTUNITY FUND VI-A; STARWOOD GLOBAL OPPORTUNITY FUND VI-B; SOF-VI MANAGEMENT, LLC; and STARWOOD CAPITAL GROUP MANAGEMENT, LLC, <br><br> Defendants-Appellees. | No. 12-16591 <br><br> D.C. No. 3:12-cv-00395-SC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

Submitted March 14, 2014[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     FISHER and BERZON, Circuit Judges, and QUIST, Senior District Judge.[***]

Plaintiff, Hacienda Management, S. De R.L. De C.V., appeals the district court's order granting summary judgment in favor of Defendants on the ground of claim preclusion, a/k/a res judicata. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992), and we affirm.

The district court should have applied New York law on the doctrine of claim preclusion in determining whether the New York judgment bars this action. 28 U.S.C. § 1738; *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."). Regardless, the district court properly granted summary judgment based on claim preclusion. In the prior New York proceeding, Hacienda asserted claims arising out of the same subject matter and based on the same harm against Defendants or parties in privity with Defendants. *See In re Estate of Hunter*, 827 N.E.2d 269, 291 (N.Y. 2005) ("Under the doctrine of res judicata, a party may not litigate a claim where a judgment

---

[***] The Honorable Gordon J. Quist, Senior United States District Judge for the Western District of Michigan, sitting by designation.

2

on the merits exists from a prior action between the same parties involving the same subject matter."); *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981) (noting that under New York's "transactional analysis approach," all claims arising out of the same transaction are barred, even if based upon different theories or if seeking a different remedy).

Defendants move for monetary sanctions against Hacienda and its counsel under Federal Rule of Appellate Procedure 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927 for filing a frivolous appeal. Hacienda's appeal was not wholly without merit or groundless. *See Ingle v. Circuit City*, 408 F.3d 592, 595 (9th Cir. 2005). We therefore deny Defendants' motion for sanctions.

The judgment of the district court is **AFFIRMED.**