Order, Supreme Court, New York County (Lucy Billings, J.), entered February 14, 2013, which, to the extent appealed from as limited by the briefs, granted defendant’s motion to dismiss the complaint, unanimously affirmed, with costs.
Supreme Court properly concluded that plaintiffs breach of *548 contract claim was barred by the doctrine of res judicata. Plaintiff could have raised this claim in the prior litigation in which he sought to terminate his child support obligations (see Matter of Hunter, 4 NY3d 260, 269 [2005]; see also O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
The court also correctly found the claim to be barred by the applicable six-year statute of limitations (CPLR 213 [2]), and not viable based upon the documentary evidence. Specifically, this action was commenced in 2010 and plaintiffs allegations of breach prior to 2004 are not timely. Nor are his allegations of breach post 2007 viable, as the parties’ son turned 21 in that year, and it is reasonably inferred that the parties’ intent was that the defendant’s obligations in the stipulation of settlement concerning informing and consulting plaintiff about their son terminated, at the latest, at that time. Furthermore, during the majority of the interim years (2004-2007), plaintiff was prohibited from contacting or communicating with defendant and his son, and he failed to set forth any specific allegations as to the window of time in which contact was permitted.
The court also properly determined that plaintiffs claim for counsel fees pursuant to a 2007 order issued in the Family Court proceeding between the parties was not viable based on subsequent orders in that proceeding, including from this Court (see Matter of Thomas B. v Lydia D., 69 AD3d 24 [1st Dept 2009]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Mazzarelli, J.E, Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ.