■ Veleron Holding, B.V., Individually and as Assignee of OJSC Russian Machines, Appellant, v Morgan Stanley et al., Respondents. [58 NYS3d 27]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 4, 2016, which granted defendants' motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata, unanimously affirmed, with costs.

The transactions upon which plaintiff's claim of fraud are premised were the subject of prior claims adjudicated in federal court, and thus this action is barred by the doctrine of res judicata (see O'Brien v City of Syracuse, 54 NY2d 353, 357-358 [1981]; Elias v Rothschild, 29 AD3d 448 [1st Dept 2006]). Indeed, defendants sought removal of this action to join the federal claim, an action that plaintiff opposed, and the federal court, in remanding this matter back to state court, even warned that the action might be subsequently barred by claim preclusion.

Plaintiff's claim that it did not have sufficient knowledge to raise the cause of action when filing the federal complaint is not persuasive in light of that complaint referencing the very allegations that form the basis of this action. The fact that subsequent discovery revealed emails supporting this claim is irrelevant, since the proper inquiry for res judicata purposes is not whether Veleron had enough evidence to prove its claim, but when it had sufficient knowledge to raise the cause of action (see UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 476 [1st Dept 2011]). Concur—Friedman, J.P., Renwick, Manzanet-Daniels and Gesmer, JJ.