Kobelin v Greater Nassau, Cappers United, LLC (2024 NY Slip Op 51555(U))

[*1]

Kobelin v Greater Nassau, Cappers United, LLC

2024 NY Slip Op 51555(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2024-136 N C

Heath Kobelin, Appellant, 
against
Greater Nassau, Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau, Respondent. 

Heath Kobelin, appellant pro se.
DeVito & Associates, PC (Joseph DeVito, Esq.), for respondent (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Jaclene A. Agazarian, J.), entered January 5, 2024. The judgment, insofar as appealed from, after an inquest, dismissed plaintiff's claim.

ORDERED that the judgment, insofar as appealed from, is affirmed, without costs.
In this small claims action, plaintiff, who is a licensed real estate salesman, seeks to recover the principal sum of $5,000, alleging that, based on newly discovered evidence of fraudulent concealment, he is entitled to a greater brokerage commission than he sought in a prior small claims case (see Kobelin v Syosset Care Group, LLC, — Misc 3d —, 2024 NY Slip Op — [appeal No. 2023-1023 N C], decided herewith [Case Number 1]), and also that, based on the statement of the judge in that prior case, he is entitled to seek his litigation costs from Case Number 1 in this separate litigation. At an inquest, plaintiff explained that an appeal in Case Number 1 was then pending before this court. Plaintiff introduced a document into evidence which, he claimed, defendant had concealed from him and which demonstrated that he was entitled to a 3% commission on a sale for which he had been the procuring cause, rather than the 2% commission he sought to recover in Case Number 1. He also introduced into evidence documentation of the litigation costs he had incurred in Case Number 1. Following the inquest, the District Court dismissed the action.
"Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars [*2]litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Town of Riverhead v Kar-McVeigh, LLC, 229 AD3d 735, 736 [2024] [internal quotation marks and citations omitted]). "Under New York's transactional approach to the rule, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007], quoting O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Thus, the District Court properly dismissed this action. We note that CPLR 5015 (a) provides a vehicle for obtaining relief in Case Number 1 from the judgment based on newly discovered evidence or fraud.
Accordingly, the judgment, insofar as appealed from, is affirmed.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024