Lewis v Hibbert (2025 NY Slip Op 51592(U))

[*1]

Lewis v Hibbert

2025 NY Slip Op 51592(U)

Decided on October 10, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570824/25

Delene Lewis, Plaintiff-Appellant,

against

Godfrey Hibbert, Alvic Property Management, Defendants-Respondents.

Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County (Edit Shkreli, J.), entered March 20, 2025, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Per Curiam.

Order (Edit Shkreli, J.), entered March 20, 2025, affirmed, without costs.

Civil Court properly determined that plaintiff is precluded from litigating her claims for breach of lease, breach of warranty of habitability and retaliation, since they arise out of the same transaction or series of transactions as the claims against her landlord for breach of the warranty of habitability (Real Property Law [RPL] § 236-b) and retaliatory eviction (RPL § 223-b [6]), that were either settled or litigated to judgment in a prior landlord and tenant proceeding, "and plaintiff's new allegation of harassment by defendants should have been raised in the Housing Court" (Munroe v Park Ave S. Mgt., 99 AD3d 426, 427 [2012], lv denied 20 NY3d 863] [2013]). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories of seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Moreover, the doctrine of res judicata bars the litigation of a claim if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially similar (see Williams v City of Yonkers, 160 AD3d 1017 [2018]).

The court properly found that plaintiff's affirmation in opposition to defendants' motion was inadmissible since it did not contain the language required by CPLR 2106 (see Akhmedova v Akhmedov, 189 AD3d 602, 604 [2020], lv denied 37 NY3d 911 [2021]). Even if the affirmation was admissible, it was insufficient to establish a basis for denial of the motion (see Great Lakes Ins. SE v American S.S. Owners Mut. Protection & Indem. Assn. Inc., 228 AD3d 429, 429 [2024]).

We have considered plaintiff's remaining contentions and find them to be without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: October 10, 2025