239 E. 18th Owners Corp. v Wade (2025 NY Slip Op 06384)

239 E. 18th Owners Corp. v Wade

2025 NY Slip Op 06384

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 161314/18|Appeal No. 5215|Case No. 2023-00952|

[*1]239 East 18th Owners Corp., Plaintiff-Respondent,
v
Kathleen Wade, et al., Defendants-Appellants.

Kathleen Wade and Mario Elyjiw, appellants pro se.
Colbert Law LLC, New York (Ripal J. Gajjar of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about July 27, 2022, which, to the extent appealed, granted plaintiff's cross-motion for summary judgment dismissing defendant Mario Elyjiw's first counterclaim seeking unpaid wages on a theory of quantum meruit, unanimously reversed, on the law, with costs, and the counterclaim reinstated.
The elements of a cause of action sounding in quantum meruit are "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (Farina v Bastianich, 116 AD3d 546, 548 [1st Dept 2014][internal quotation marks omitted]). Here, the amended answer adequately alleges that defendant performed services as the building's superintendent, that plaintiff accepted the services and agreed to compensate him at a specific weekly rate, and that plaintiff did not pay him the full agreed-upon amount for those services, fulfilling all of the elements of the counterclaim. Further, plaintiff does not appear to contest those facts. Accordingly, the motion court erred by summarily dismissing defendant Mario Elyjiw's first counterclaim for payments allegedly owed to him for superintendent services rendered to plaintiff cooperative corporation (see Caribbean Direct, Inc. v Dubset LLC, 100 AD3d 510, 511 [1st Dept 2012] ["[t]he question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it"] [internal quotation marks omitted]).
Contrary to plaintiff's contention, the counterclaim is not barred by either the doctrine of res judicata or collateral estoppel based on the decisions of the Unemployment Insurance Appeal Board (UIAB), which found and then affirmed that defendant was an independent contractor and not an employee of plaintiff, and therefore not entitled to unemployment benefits. However, defendant is not challenging this finding by the UIAB; rather, he seeks quantum meruit damages for the amounts plaintiff purportedly failed to pay him for his services as an independent contractor. Because the UIAB only resolved the issues relating to defendant's receipt of unemployment benefits and plaintiff's contribution to those amounts, whether defendant is owed any amounts for his services falls outside the scope of facts determined by the UIAB, and thus is not barred by res judicata (see e.g. O'Brien v City of Syracuse, 54 NY2d 353, 357-358 [1981]).
For the same reasons, collateral estoppel also does not apply here. The question of payments due to defendant for services rendered was not at issue in the proceeding before the UIAB (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025