Atta, Inc. v 450 W. 31st Owners Corp. (2026 NY Slip Op 01295)

Atta, Inc. v 450 W. 31st Owners Corp.

2026 NY Slip Op 01295

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 151662/24|Appeal No. 6039|Case No. 2024-04676|

[*1]Atta, Inc., Plaintiff-Appellant,
v450 West 31st Owners Corp., Defendant-Respondent.

Saul Ewing LLP, New York (Peter B. Zlotnick of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 11, 2024, which denied plaintiff's motion for a Yellowstone injunction, and granted defendant 450 W. 31st Owners Corp.'s cross-motion to dismiss the complaint pursuant to CPLR 3211(a)(5) and for sanctions pursuant to 22 NYCRR § 130.1-1, unanimously modified, on the law, to grant plaintiff's motion for a Yellowstone injunction, and to deny defendant's cross-motion to the extent it seeks dismissal of plaintiff's first and second causes of action and sanctions, the sanctions vacated and the complaint reinstated to the extent indicated, and otherwise affirmed, without costs.
The court improperly denied plaintiff's motion for a Yellowstone injunction. The court should not have rejected plaintiff's principal's repeated statements that plaintiff was ready, willing, and able to cure the alleged default, as plaintiff's burden was only to establish its ability to cure (see WPA/Partners LLC v Port Imperial Ferry Corp., 307 AD2d 234, 237 [1st Dept 2003]).
The court's dismissal of plaintiff's requests for declaratory and injunctive relief in a prior article 78 proceeding emanating from the same dispute has no bearing on plaintiff's ability to establish its entitlement to a Yellowstone injunction, as it is well settled that Yellowstone relief does not require a demonstration of a likelihood of success on the merits (see e.g. New Deal Realty LLC v 684 Owners Corp., 204 AD3d 447, 448 [1st Dept 2022]). Moreover, the notice to cure, served approximately one month after the court's dismissal of the article 78 proceeding, constituted a separate transaction for res judicata purposes (see O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Nowhere in the order dismissing the prior proceeding did the court issue any declaratory or injunctive relief or any other directive precluding plaintiff from seeking to stay and toll the cure period of a newly issued notice to cure, as no default or termination of plaintiff's proprietary lease was at issue in that proceeding.
We agree with the motion court that the third cause of action seeking a judgment declaring that plaintiff exclusively owns and possesses its parking area and loading dock is barred by res judicata since it is identical to claims for declaratory relief in the article 78 proceeding. In any event, as a practical matter, plaintiff's entitlement to the relief sought in the third cause of action can be fully litigated and decided in the article 78 proceeding, in which plaintiff's claims for declaratory and injunctive relief mirroring those in this action were previously reinstated by this Court (see Atta v 450 W. 31st Owners Corp., 240 AD3d 426 [1st Dept 2025]).
Finally, in light of our determination that plaintiff had a meritorious claim for Yellowstone relief, we vacate the imposed sanctions.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026