In the Matter of IRREPLACEABLE ARTIFACTS, Doing Business as DEMOLITION DEPOT, Petitioner, v CITY OF NEW YORK DEPARTMENT OF CONSUMER AFFAIRS et al., Respondents. [802 NYS2d 450]—

Determination of respondent Department of Consumer Affairs, dated December 1, 2003, finding that petitioner acted as a dealer in secondhand articles without a license, in violation of Administrative Code of the City of New York § 20-265, and, inter alia, imposing a fine, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Rosalyn Richter, J.], entered on or about June 24, 2004) dismissed, without costs.

Petitioner argues that the licensing requirement for secondhand dealers does not apply to it because "the vintage and not-so-vintage plumbing fixtures, doors, windows, shutters, railings, gates, grills, mantels, stone and terra cotta pieces, religious objects and so much more," which it advertises on its Web site as salvaged from demolished New York City buildings, are not sold by it to be used as plumbing fixtures, doors, windows, etc. Rather, according to petitioner, it takes these items and transforms them into objects of art "with a unique aesthetic value." As such, petitioner argues, it is a dealer in art and sculpture, not secondhand articles. The argument was addressed and correctly rejected by respondent on the ground that the statute broadly defines a secondhand dealer as "any person who, in any way . . . [d]eals in the purchase or sale of secondhand articles of whatever nature" (Administrative Code § 20-264 [a] [1]). Since petitioner admits that part of its business involves the purchasing of secondhand articles, that alone is sufficient to establish that its activities are covered. In any event, there is substantial evidence, including the testimony of respondent's inspector, that not every item petitioner sells is so transformed. As respondent held, the statute does not contain a de minimis exception for occasional sales of secondhand articles. Nor does the statute contain an exception for selling only to wholesalers or designers, as petitioner claims it does. We also reject petitioner's claim that the statute violates its First Amendment rights. Even assuming that petitioner can plausibly claim that it is selling art, the statute does not restrict petitioner's exercise of artistic expression, but merely requires a license for dealing in secondhand articles, which license is easily obtainable (*compare Bery v City of New York*, 97 F3d 689, 698 [2d Cir 1996], *cert denied* 520 US 1251 [1997] [General Vendors Law license needed to exhibit and sell visual art on sidewalks

violates First Amendment because, inter alia, it is "virtually impossible to obtain"]).

We have considered and rejected petitioner's other arguments. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.