■ Junk'n Doughnuts Inc., Doing Business as Schmuck Bros. of Pennsylvania, Respondent, v Department of Consumer Affairs of the City of New York, Appellant. [855 NYS2d 59]—

Plaintiff seeks a declaratory judgment setting aside as unconstitutional the New York City statute governing the licensing of dealers in secondhand articles (Administrative Code of City of NY, tit 20, ch 2, subch 11). After plaintiff received a notice of violation (NOV) from defendant alleging that it was operating as an unlicensed secondhand dealer in violation of Administrative Code § 20-265 and failed to appear for a scheduled hearing on the NOV, defendant issued a default order finding plaintiff guilty of the violation. Plaintiff moved unsuccessfully to vacate the default. It then commenced a CPLR article 78 proceeding to challenge defendant's determination to deny its motion. In the petition, plaintiff stated that it was not submitting the

constitutionality of the statute to the court but arguing that the constitutional infirmity of a statute constituted a meritorious defense in the administrative proceeding. Because the constitutional challenges plaintiff raises in the instant action arose out of the same transaction from which his article 78 claims arose, and plaintiff could have raised them in the article 78 proceeding, the constitutional challenges are barred by the doctrine of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

In any event, the statute does not impose unconstitutional restrictions on plaintiff's First Amendment rights but merely requires a license for dealing in secondhand articles (*see Matter of Irreplaceable Artifacts v City of N.Y. Dept. of Consumer Affairs*, 22 AD3d 410, 411-412 [2005]). Nor does it impose an excessive burden on interstate commerce (*see Pike v Bruce Church, Inc.*, 397 US 137, 142 [1970]) or disadvantage a suspect class or interfere with a fundamental right (*see San Antonio Independent School Dist. v Rodriguez*, 411 US 1, 17 [1973]). Plaintiff was not prevented from practicing its chosen profession by the licensing scheme (*see New York State Trawlers Assn. v Jorling*, 16 F3d 1303, 1311 [2d Cir 1994]). The inspection of its property did not violate its Fourth Amendment rights (*see Matter of Glenwood TV v Ratner*, 103 AD2d 322 [1984], *affd* 65 NY2d 642 [1985]; *see also Donovan v Dewey*, 452 US 594, 598-599 [1981]).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Friedman, J.P., Gonzalez, McGuire and Moskowitz, JJ.